**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LINDA STECH** ) | |
| ) | **No.** |
| Plaintiff, ) | |
| vs. ) | **JURY DEMAND** |
| ) | |
| **PANERA BREAD COMPANY** ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff, Linda Stech, by and through her attorneys, Shelly B. Kulwin and Jeffrey R. Kulwin,

KULWIN, MASCIOPINTO & KULWIN, L.L.P. and complaining of the Defendant Panera Bread

Company (Defendant), states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff Linda Stech (Plaintiff) resides in Illinois.

2.      Defendant Panera Bread Company (Defendant) operates over 1,000 bakery-cafes

throughout the United States.

3.      This Court's jurisdiction is based upon, among others, 28 U.S.C. §§ 1331, 1343, and

1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claim arises

out of incidents which occurred within this judicial district.

4.      Plaintiff was employed by Defendant from 2000 an was terminated on November 10,

2009.  At all times relevant hereto, Plaintiff met or exceeded Defendant's legitimate employment

expectations.  As set forth herein, Defendant had no legitimate reason for terminating Plaintiff and

its stated reason(s) for termination were a mere pretext for any, or all, of the alleged unlawful

employment actions set forth below.

1

### COUNT I
### (Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq*)

1-4.     Plaintiff alleges herein by reference the allegations contained in paragraphs 1-4 above as if fully stated herein.

5.     Plaintiff brings this cause pursuant to Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, ("ADEA").  This Court's jurisdiction is based upon 28 U.S.C. §§ 1331, 1343(4);  and 29 U.S.C. § 626(c).

6.     Plaintiff has filed this cause subsequent to the timely filing of a charge of discrimination based on her age with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

7.     Plaintiff has filed this cause pursuant to a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached hereto as Exhibit B.

8.     Plaintiff at all times pertinent hereto was a person protected by the provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, ("ADEA").

9.     Defendant, at all times relevant hereto, operated and did business within the venue and jurisdiction of this judicial circuit and is an employer as defined by 29 U.S.C. § 621, *et. seq.* and 42 U.S.C. § 2000e(b).

10.     In direct violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.*, ("ADEA"),  Defendant engaged in the discriminatory acts described in the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference.

11.     As a result of Defendant's discriminatory conduct, as aforesaid, Plaintiff has suffered injury to her career as well as other injuries for which she is entitled to compensatory and liquidated damages as well as equitable relief pursuant to the Age Discrimination in Employment Act.

12.     Defendant's discriminatory conduct, as aforesaid, was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff Linda Stech prays as follows:

A.     A finding be entered that Defendant intentionally and willfully discriminated against Plaintiff Linda Stech, on the basis of age, in violation of the Age Discrimination in Employment Act;

B.     Reinstating the Plaintiff to her former job position or a comparable position with respect to pay and responsibilities, or if Defendant cannot reinstate the Plaintiff, to award the Plaintiff front pay, lost employee benefits and retirement benefits until she attains the age of 75;

C.     Making the Plaintiff whole by paying for lost back pay, employee benefits, retirement benefits, liquidated and punitive damages;

D.     For attorney's fees and costs of this suit, including expert witness fees;

E.     For pre-judgment interest in an amount to be determined at the time of trial and

F.     For such other relief as is just and equitable.

## COUNT II
### (Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.,)

1-12.     Plaintiff alleges herein by reference the allegations contained in paragraphs 1-12 above as if fully alleged herein.

13.     Plaintiff brings this cause pursuant to Americans With Disabilities Act, ("ADA") 42 U.S.C. § 12101, *et seq*. This Court's jurisdiction is based upon, among others, 28 U.S.C. §§ 1331 and 1343.

14.     Plaintiff has filed this cause subsequent to the timely filing of a charge of discrimination based on her age with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

15.     Plaintiff has filed this cause pursuant to a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a true and correct copy of which is attached hereto as Exhibit B.

16.     Plaintiff at all times pertinent hereto was a person with a qualified disability as defined in and protected by the provisions of the ADA.

17.     Defendant is an "employer" as defined by the ADA.

18.     In direct violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.,), Defendant engaged in the discriminatory acts described in the Charge of Discrimination attached hereto as Exhibit A and incorporated herein by reference including, among other things, failing to make a reasonable accommodation for her known disability, retaliating against her for seeking a reasonable accommodation, and/or terminating her because of her disability.

19.     Defendant would suffer no undue hardship if it had provided Plaintiff with the reasonable accommodation for her disability which she requested and to which she was entitled.

20.     As a result of Defendant's discriminatory conduct, as aforesaid, Plaintiff has suffered injury to her career as well as other injuries for which she is entitled to compensatory and liquidated damages as well as equitable relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

21.     Defendant's discriminatory conduct, as aforesaid, was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff Linda Stech prays as follows:

A.      A finding be entered that Defendant intentionally and willfully discriminated against Plaintiff Linda Stech, on the basis of her disability, failed to provide a reasonable accomodation for her disability, retaliated against her for seeking a reasonable accomodation, and terminating her because of her disability all in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*;

B.      Reinstating the Plaintiff to her former job position or a comparable position with respect to pay and responsibilities, or if Defendant cannot reinstate the Plaintiff, to award the plaintiff front pay, lost employee benefits and retirement benefits until she attains the age of 75;

C.      Making the Plaintiff whole by paying for lost back pay, employee benefits, retirement benefits, liquidated and punitive damages;

D.      For attorney's fees and costs of this suit, including expert witness fees;

E.      For pre-judgment interest in an amount to be determined at the time of trial and

F.      For such other relief as is just and equitable.

## COUNT III
## RETALIATORY DISCHARGE
### (State Law Claim)

1-21.    Plaintiff, Linda Stech, alleges herein the allegations contained in paragraphs 1-21 above as if fully stated herein.

22.    Based upon, among other things, the foregoing facts, as well as others, Plaintiff was terminated in retaliation for filing a worker's compensation claim.

23.    Plaintiff's termination was without good cause, and was malicious, willful and oppressive and in direct violation of the clearly mandated public policy of Illinois.

24.    Defendant has significant experience in dealing with on the job accidents and the impact worker's compensation claims have on its business.  Defendant vigorously fought Plaintiff's efforts to obtain benefits to which she was entitled under the Illinois workers' compensation statutes.

25.    As a result of the aforesaid conduct, Plaintiff suffered substantial actual damages of a personal and pecuniary nature which are continuing to accrue at this time, which cannot be calculated with precision, but, in any event, exceed any jurisdictional minimum of this Court.

WHEREFORE, Plaintiff Linda Stech prays as follows:

A.    A finding be entered that Defendant intentionally and willfully retaliated against Plaintiff Linda Stech, for exercising her rights by filing and pursuing a workers' compensation claim in violation of Illinois law;

B.    Reinstating the Plaintiff to her former job position or a comparable position with respect to pay and responsibilities, or if the defendants cannot reinstate the plaintiff, to award the plaintiff front pay, lost employee benefits and retirement benefits until she attains the age of 75;

       C.       Making the Plaintiff whole by paying for lost back pay, employee benefits, retirement benefits, liquidated and punitive damages;

       D.       For attorney's fees and costs of this suit, including expert witness fees;

       E.       For pre-judgment interest in an amount to be determined at the time of trial and

       F.       For such other relief as is just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

/s/ Jeffrey R. Kulwin

One of the attorneys for Linda Stech

Shelly B. Kulwin
Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 N. Clark, Suite 2500
Chicago, IL 60601
312/641-0300